# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HOPKINS<br>3058 Jersey Drive<br>Columbus, Ohio, 43204<br><br>　　On behalf of himself and all<br>　　others similarly-situated<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>OLD DOMINION FREIGHT LINE INC.<br>C/O CT Corporation System<br>4400 Easton Commons Way Suite 125<br>Columbus, Ohio 43219<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE<br><br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS**<br>**ACT**<br><br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Defendant Old Dominion Freight Line, Inc. and its owners and/or managers failed to pay Plaintiff Charles Hopkins and other similarly-situated employees overtime. Accordingly, Defendant's conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of himself and all other similarly situated employees, Hopkins brings this collective action for the recovery of unpaid minimum overtime wages under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

## PARTIES

2. Hopkins is an individual residing in Franklin County, Ohio. Hopkins performed work for Defendant within the last three years for which he was not paid the overtime wages guaranteed by the FLSA. Hopkins's signed consent to sue form will be filed within the next twenty-one (21) days.

3. The FLSA Collective Class Members are all current and former dock workers, laborers, and/or other hourly employees in substantially similar positions and/or with similar job titles, that worked for Defendant at any time during the three-year period before the filing of this Complaint to present who were not paid all overtime wages due.

4. Old Dominion Freight Line, Inc. ("Old Dominion") is a foreign for-profit corporation licensed and registered to do business in Ohio, and who maintains offices in Columbus, Ohio, and whom operates in Ohio.

## PERSONAL JURISDICTION

5. Defendant hires citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

6. Hopkins and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendant pursuant to work performed in this district and/or were hired out of this district.

7. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in this District because Defendant do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

10. At all times referenced herein, Old Dominion was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that

2

said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times material to the Complaint, Hopkins and those similarly-situated directly participated in the actual movement of things in interstate commerce by loading truck, located in Ohio, for Defendant which then shipped Cargo throughout the country.

## FACTS

12. Defendant is a freight shipping company that operates throughout the United States.
13. Hopkins is a former employee of Defendant.
14. Hopkins was hired by Defendant in or around March of 2005 as a Dock Worker.
15. At all times referenced herein, Hopkins worked at Defendant's Columbus, Ohio terminal.
16. From his hire until approximately 2018, Hopkins primary job duties included loading, unloading, and moving freight on and off of Defendant's trucks.
17. In or around 2018, the primary job duties of Hopkins and those similarly-situated were changed by Defendant.
18. In or around 2018, Hopkins and those similarly-situated stopped loading trucks directly, and would instead unload trucks and move freight to designated "loaders," who would load trucks.
19. As of 2018, the primary job duties of Hopkins and those similarly-situated did not affect the safety of the operation of motor vehicles because Hopkins and those similarly-situated were not responsible for loading Defendant's trucks.
20. At all times referenced herein, Hopkins and those similarly-situated were paid hourly by Defendant.

3

21. Hopkins and those similarly-situated were non-exempt from the overtime requirements of the FLSA.

22. Hopkins and those similarly situated regularly worked in excess of 40 hours per week for Defendant.

23. At all times referenced herein, Hopkins and those similarly-situated were not paid overtime at a rate of one and one half times their regular rate of pay when they worked in excess of 40 hours per week, in violation of the FLSA.

24. At all times referenced herein, Hopkins and those similarly situated regularly worked in excess of 40 hours per workweek.

25. Defendant did not pay Hopkins and those similarly situated overtime when they worked more than 40 hours in a given workweek.

26. For example, during the week of December 21, 2017, Defendant paid Hopkins a flat rate of $25.75 per hour for all 47.76 hours he worked during that pay period.

27. On one or more occasions, Hopkins complained to Defendant's managers about not being paid overtime ("Overtime Complaints").

28. In response to one of Hopkins' Overtime Complaints, Terminal Manager John Fisher told Hopkins that he was not entitled overtime until he had worked over 60 hours in a week.

29. Fisher and Defendant's other managers refused to do anything about Hopkins' Overtime Complaint and/or disregarded Hopkins' Pay Complaints.

30. During Hopkins's employment with Defendant, he learned from other dock workers that they were paid in the same manner as Hopkins despite the fact that they did not load trucks.

31. Upon information and belief, Defendant has been sued multiple times for violations of the FLSA, to include allegations of employee misclassification.

32. Despite being on notice of its obligations under the FLSA, Defendant knowingly and willfully violated the FLSA with respect to dock workers like Hopkins and those similarly situated.

33. Defendant's violation of the FLSA was committed without a good faith belief that the practices described herein were lawful.

34. Defendants laid Hopkins off on or about March 17, 2020, due to the COVID pandemic.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Hopkins incorporates by reference the allegations in the preceding paragraphs.

36. Defendant employs dock workers like Hopkins to perform unloading and pre-loading work, and who do not independently load trucks.

37. Hopkins brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All current and former dock workers, laborers, or those who worked in similar positions for Defendant, whose primary job duties did not include loading trucks for any period of time during the three-years period immediately preceding the filing of this Complaint, and who were paid on an hourly basis.

38. At all times referenced herein, Defendant had a practice of only paying FLSA Collective Class Members a flat hourly rate regardless of how many hours they actually worked.

39. Defendant did not pay FLSA Collective Class Members overtime.

40. Collective Action treatment of Hopkins' FLSA claim is appropriate because Hopkins and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 17-33, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant' enterprise-wide practices failed to properly compensate the FLSA Collective Class Members

for all hours worked based upon a common practice of misapplying the Motor Carrier Act exemption to the FLSA.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Hopkins restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

42. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

43. Hopkins and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendant.

44. Hopkins and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

45. At all times relevant to this Complaint, Defendant had a policy and practice of failing and refusing to pay overtime to Hopkins and the FLSA Collective Class Membersfor their hours worked in excess of 40 hours per week.

46. Defendant either recklessly failed to investigate whether their failure to pay Hopkins and the FLSA Collective Class Members violated the Federal Wage Laws of the United States, they intentionally misled Hopkins and those similarly-situated to believe that Defendant were not required to pay overtime, and/or Defendant concocted a scheme pursuant to which they deprived Hopkins and those similarly-situated the overtime pay they earned.

47. Defendant' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Hopkins and the FLSA Collective Class Members are entitled to damages in the amount of their unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29

U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including their attorneys' fees and costs.

49. Defendant violated the FLSA without a good faith belief that their conduct was lawful.

50. Plaintiffs requests recovery of their attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Hopkins respectfully request relief against Defendant as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective they represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff as the representative for the Collective;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq..*;

d. Awarding Plaintiff and the Collective unpaid minimum wages and unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

e. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff and Class members in an amount to be determined at trial;

f. Issuing an injunction prohibiting Defendant from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs; and

i. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Samuel B. Robb (0099035)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com
            sam.robb@spitzlawfirm.com

*Attorney for Plaintiff Charles Hopkins*

## JURY DEMAND

Plaintiffs Charles Hopkins demand a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**